UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIUS L. JIGGETTS, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:14-CV-1766 RM<br>(Arising out of 3:11-CR-84 RM) |

OPINION and ORDER

On September 21, 2011, a jury found Darius Jiggetts guilty of one count of aggravated bank robbery (Count 1) and one count of carrying or using a firearm during a crime of violence (Count 2); he was sentenced on January 9, 2012 to consecutive terms of 87 months on Count 1 and 84 months on Count 2 (for an aggregate sentence of 171 months' imprisonment), to be followed by a three-year supervised release term. Mr. Jiggetts was ordered to pay restitution in the amount of $12,281.35 and special assessments of $200.00. Judgment was entered that same day. The court of appeals affirmed his conviction and sentence on April 1, 2013; no petition for a writ of certiorari was filed. After being granted an extension of time to file his petition under 28 U.S.C. § 2255, Mr. Jiggetts is now before the court having filed a timely petition asking that his sentence be vacated or set aside.

A person convicted of a federal crime can attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Issues already argued and decided on direct appeal can't be raised in a § 2255 petition without a showing of changed circumstances. Belford v. United States, 975 F.2d at 313. A claim of ineffective assistance of counsel not raised on direct appeal can still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.After reviewing Mr. Jiggetts's petition and the record of this case, the court concludes that the factual and legal issues raised by Mr. Jiggetts can be resolved on the record, so no hearing on his § 2255 petition is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where record conclusively demonstrates that petitioner is entitled to no relief on § 2255 motion).

Mr. Jiggetts' petition contains his claims of ineffective assistance of counsel, specifically that his trial counsel's conflict of interest caused counsel to provide ineffective assistance and his appellate counsel provided ineffective assistance by filing an *Anders* brief. Mr. Jiggetts also claims an acquittal is appropriate under

2

Federal Rules of Criminal Procedure 29 and 34 based on the insufficiency of the evidence.

### Ineffective Assistance of Counsel

To succeed on his ineffective assistance of counsel claim, Mr. Jiggetts must show, first, that his attorney's performance was deficient — "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" — and second, that counsel's deficient performance prejudiced his defense — "that counsel's errors were so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); *see also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). A strong presumption exists that counsel performed effectively. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. at 381. "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694). "In weighing the effect of counsel's errors, the court must consider the totality of the evidence . . . . A verdict or conclusion that is overwhelmingly supported by the record is less likely to have been affected by errors than one that is only weakly supported by the record." Eckstein v. Kingston, 460 F.3d at 848 (*quoting* Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)).

*Trial Counsel*

Mr. Jiggetts claims representation by his trial counsel, Robert Truitt, was ineffective because Mr. Truitt had a conflict of interest. Mr. Jiggetts says he told Mr. Truitt that the photographs used at trial showed an "unknown, unidentified" bank robber, but Mr. Truitt "must have been in a strained position of gaining favor with the U.S. Attorney's Office." Petn., at 13. Mr. Jiggetts says he also told Mr. Truitt that he wasn't involved in the bank robbery at issue in this case, but Mr. Truitt "intentionally withheld ALL evidence that would help [Mr. Jiggetts] at trial." Petn., at 15. Mr. Jiggetts concludes that "the actual conflict in this case is too glaring, and the nondisclosure of the conflict too significant, to require any further evidence that [his] representation was adversely affected." Petn., at 15. The court can't agree.

> Attorneys who appear in court owe their allegiance to their clients, within the bounds of court rules, and not to anyone else, and when that allegiance is divided between two opposing interests, a conflict exists. Conflicts can exist where counsel represents multiple defendants or where counsel's own interests conflict with his client's. Where there is an actual conflict, a § 2255 petitioner must only show an adverse effect on the attorney's performance; prejudice is presumed. Where there is no actual conflict, the *Strickland* ineffective assistance of counsel test is applied.

Collins v. United States, No. 14-cv-144, 2014 WL 1584441, at *2 (S.D. Ill. Apr. 21, 2014) (internal citations omitted).

Mr. Jiggetts has offered nothing beyond his own conclusion that a conflict of interest existed. To the extent Mr. Jiggetts contends Mr. Truitt had some unidentified incentive to cooperate with the government to his detriment, Mr. Jiggetts hasn't pointed to any evidence that would support that claim and the court has found none. Mr. Jiggetts hasn't demonstrated "a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest." Blake v. United States, 723 F.3d 870, 880 (7th Cir. 2013).

Because Mr. Jiggetts hasn't shown that an "actual" conflict existed, he must establish his ineffective assistance of counsel claim under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing that "counsel's representation fell below an objectively reasonable standard of care, and that there is a reasonable probability that but for counsel's unprofessional errors the trial outcome would have been different." Freeman v. Chandler, 645 F.3d 863, 869 (7th Cir. 2011) (*citing* Strickland, 466 U.S. at 694).

Mr. Jiggetts claims that Mr. Truitt's representation was ineffective because counsel wrongly stipulated to the accuracy of copies of photographs used at trial; failed to make appropriate objections; failed to keep prejudicial evidence from the jury; failed to cross-examine and call witnesses; presented no mitigating evidence; failed to investigate, perform appropriate interviews, and present the case as Mr. Jiggetts requested; and failed to present a proper closing argument. To prevail, Mr. Jiggetts "bears the burden of identifying the specific evidence that his attorney should have introduced and . . . what that evidence would have shown at trial." United States v. Sheneman, No. 3:12-CV-720, 2014 WL 2453011, at *7 (N.D. Ind. June 2, 2014). He hasn't done so. Mr. Jiggetts offers no specifics in support of his claims – he hasn't identified what objections counsel should have made, what evidence should have been kept from the jury, what mitigating evidence should have been presented to the jury, what investigation and interviews should have been undertaken, how those investigations and interviews would have been relevant to his defense, what witnesses should have been called, how any of those witnesses' testimony would have been helpful to his defense, and what arguments could or should have been made in closing argument. Mr. Jiggetts' unsupported assertions don't demonstrate any deficient representation by his counsel.

Mr. Jiggetts is simply incorrect in his assertion that his counsel didn't submit a sentencing memorandum. The record shows that before the sentencing hearing, Mr. Truitt submitted a sentencing memorandum on Mr. Jiggetts's behalf

6

in which counsel told the court about Mr. Jiggetts' personal history and characteristics, set forth mitigating factors in Mr. Jiggetts' favor, and recommended a sentence of time served on Count 1 and a sentence of 84 months on Count 2. *See* Darius Jiggetts' Sent. Memo. (Dec. 29, 2011, docket # 34). Mr. Jiggetts hasn't suggested what information should have been contained in the sentencing memorandum, but wasn't. Mr. Jiggetts can't prevail on his claim that his counsel's performance was deficient in this regard.

More importantly, Mr. Jiggetts hasn't demonstrated any prejudice. He must show through objective evidence "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Mr. Jiggetts claims "there was an actual breakdown in the adversarial process" and in his brief includes an excerpt from a trial exhibit, entitled "Report of Examination," and eight lines of testimony of an unidentified witness at trial, which he says establishes that his counsel was ineffective. Petn, at 17, 19-20. While the court must construe Mr. Jiggetts' motion liberally in light of his *pro se* status, Haines v. Kerner, 404 U.S. 519 (1972), the court won't act as counsel and invent arguments for him. *See* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). Mr. Jiggetts' unsupported statements are insufficient to prove the prejudice component of the Strickland test so he can't prevail on his claim of ineffective assistance of trial counsel.

*Appellate Counsel*

Mr. Jiggetts contends that his appellate counsel, David Giesinger, "made an unlawful decision to withdraw" from his appeal under Anders v. California, 386 U.S. 738 (1967). According to Mr. Jiggetts, the brief filed by appellate counsel contained "documented lie[s]," appellate counsel's actions were "based on behalf of the Prosecutor Donald Schmid and State Detective David Beatty," and counsel's decision to file an *Anders* brief "was so 'irrational' that it would overturn his unlawful decision which is required by federal law." Petn., at 7-8. Mr. Jiggetts says appellate counsel's decision to file an *Anders* brief amounted to ineffective assistance of counsel "when Mr. Jiggetts is actually innocent." Petn., at 8.

"[T]he proper standard for evaluating [Mr. Jiggetts'] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in Strickland v. Washington, 466 U.S. 668 (1984). . . . Mr. Jiggetts must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [Mr. Jiggetts] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000).

On Mr. Jiggetts' direct appeal, the court of appeals found Mr. Giesinger's *Anders* brief to be satisfactory. *See* <u>United States v. Jiggetts</u>, No. 12-1112, 2013 WL 1286205, at *1 (7th Cir. Apr. 1, 2013) ("Jiggetts filed a notice of appeal, but his newly appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California* . . . . Jiggetts opposes counsel's motion. . . . We confine our review to the potential issues identified in counsel's facially adequate brief and in Jiggetts's response."). The court of appeals agreed with Mr. Giesinger that there were no meritorious issues for appeal, granted appellate counsel's motion to withdraw, and dismissed the appeal. *See* <u>United States v. Jiggetts</u>, No. 12-1112, 2013 WL 1286205 (7th Cir. Apr. 1, 2013). Thus, Mr. Jiggetts hasn't demonstrated that Mr. Giesinger unreasonably failed to discover nonfrivolous issues to be raised on appeal.

To the extent Mr. Jiggetts is claiming that Mr. Giesinger should have raised the issue of his innocence on appeal, the court of appeals found frivolous any challenge to the sufficiency of the evidence:

> Counsel first considers challenging the sufficiency of the evidence, particularly the evidence identifying Jiggetts as the robber and linking him to a gun. Jiggetts echoes this discussion in his response. But this challenge, counsel rightly concludes, would be frivolous. Numerous eyewitnesses, including two who knew him personally, identified Jiggetts after seeing him during the robbery or in surveillance photos. And when the police found Jiggetts, his fingers were stained pink from the residue of the dye packs included in the stolen money, and he was wearing a bracelet visible on the robber in surveillance videos. He also confessed to a friend who was in jail with him while Jiggetts awaited trial. Moreover, although the gun used during the robbery was not recovered, four witnesses saw

9

>Jiggetts remove it from his pants and point it at others during the robbery.

United States v. Jiggetts, 2013 WL 1286205, at *1. Mr. Jiggetts hasn't established that but for his counsel's unreasonable filing of an *Anders* brief, he would have prevailed on appeal.

Mr. Giesinger properly filed an *Anders* brief, and Mr. Jiggetts hasn't shown that any alleged deficiency in the *Anders* brief prejudiced him, so he can't succeed on his claim of ineffective assistance of appellate counsel.

## Claim of Innocence

Mr. Jiggetts lastly asserts that "both trial and appellate counsel knew for sure that Mr. Jiggetts was innocent," Petn., at 8, and cites to trial exhibits relating to the presence or absence of a "Chicago" tattoo, exhibits that he says establish his innocence. Petn., at 19-20. To support a claim of actual innocence, Mr. Jiggetts must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," and establish that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) (*quoting* Schulp v. Delo, 513 U.S. 298, 324, 327 (1995)). Mr. Jiggetts hasn't made either showing – he hasn't cited to any new evidence that was either excluded or unavailable at his trial nor has he argued that no reasonable juror would have

10

convicted him in light of some new evidence. *See* Schulp v. Delo, 513 U.S. at 328 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). Mr. Jiggetts isn't entitled to the relief he seeks based on this consideration.

Request for Acquittal

Mr. Jiggetts' petition contains his request for acquittal under Federal Rules of Criminal Procedure 29 and 34, but neither of those rules provides him with any avenue for relief. Rule 29 provides that "a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Likewise, Rule 34 provides that "a defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty." Fed. R. Crim. P. 34(b). The guilty verdict in this case was entered on September 21, 2011, more than 14 days ago. Mr. Jiggetts isn't entitled to the relief he seeks under these rules.

Conclusion

Based on the foregoing, the court DENIES Mr. Jiggetts' petition filed pursuant to 28 U.S.C. § 2255 [docket # 62].

SO ORDERED.

ENTERED:   February 12, 2015   


                              /s/ Robert L. Miller, Jr.
                              Judge, United States District Court

cc:   D. Jiggetts
      AUSA Schmid