UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIUS L. JIGGETTS, )<br>)<br>      Petitioner  ) <br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>      Respondent  ) | CAUSE NO. 3:14-CV-1766 RM<br>(Arising out of 3:11-CR-84 RM) |

## OPINION and ORDER

On February 12, 2015, the court denied Darius Jiggetts's motion under 28 U.S.C. § 2255; judgment was entered the following day. Mr. Jiggetts is now before the court requesting that that judgment be vacated and re-entered because he didn't receive a copy of the February 12 opinion and order until April 6. He says that had he received timely notice that his petition had been denied, he would have filed a motion to reconsider under Federal Rule of Civil Procedure 59. Mr. Jiggetts also filed a notice of appeal indicating that he is appealing the February 12 dismissal of his § 2255 petition. The record of this cause was forwarded to the Seventh Circuit Court of Appeals on May 6, and the court of appeals has assigned Case No. 15-1982 to Mr. Jiggetts's appeal.

Mr. Jiggetts's current motion and notice of appeal were filed on May 4, within the time permitted by Federal Rule of Appellate Procedure 4 for seeking an extension of time to file an appeal, so the court construes his motion as one brought under Federal Rule of Appellate Procedure 4(a)(5). Mr. Jiggetts has met

the requirements of that rule: he has shown good cause for an extension of the deadline by submitting his affidavit stating that he didn't get a copy of the court's February 12 order until April 6, and his current motion and notice of appeal were filed on May 4, within thirty days of the expiration of the time set by Federal Rule of Appellate Procedure 4(a)(1) to file an appeal in this action. Thus, Mr. Jiggetts's notice of appeal was timely filed, making the vacating and re-entry of the February 13 judgment unnecessary.

The court will also view Mr. Jiggetts's motion as requesting a certificate of appealability and, because no filing has been paid, requesting leave to proceed *in forma pauperis* on appeal. Issuance of a certificate of appealability requires the court to find that Mr. Jiggetts has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He hasn't done so. He didn't demonstrate that his trial or appellate counsel provided ineffective assistance and he didn't establish his claim of actual innocence. Because Mr. Jiggetts hasn't made a substantial showing of the denial of a constitutional right, the court denies his implicit request for a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because

no reasonable person could find that Mr. Jiggetts's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, the court GRANTS in part and DENIES in part Mr. Jiggetts's motion to vacate and re-enter judgment [docket # 65 in Cause No. 3:11-CR-84] as follows:

    (a) the request to vacate and re-enter judgment is DENIED;

    (b) the request for an extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) is GRANTED, and the time for filing a notice of appeal is extended to May 13, 2015;

    (c) Mr. Jiggett's request for a certificate of appealability is DENIED; and

    (d) Mr. Jiggett's request to proceed *in forma pauperis* on appeal is DENIED.

SO ORDERED.

ENTERED:   May 13, 2015

                      /s/ Robert L. Miller, Jr.
                      Judge, United States District Court

cc:    Clerk, Seventh Circuit Court of Appeals
       D. Jiggetts
       AUSA Schmid